SUMNER P. WILLARD *vs.* CLIFTON G. GREENWOOD & another.

Middlesex.      November 15, 1917. — November 27, 1917.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

Bills and Notes, Consideration.   Husband and Wife.   Practice, Civil, Rulings, Memorandum of decision.

In an action against a husband and wife jointly on a promissory note signed by both of them as makers, where it appears that the wife signed the note as a joint and several maker with full knowledge of its tenor and that the note was given for money lent by the plaintiff to the husband to be secured by a mortgage of the husband's real estate, a good consideration for the wife's promise is shown.

A judge before whom a case is tried without a jury properly may refuse to make a ruling correct in law if it is not applicable to the facts of the case as found by him on evidence warranting such findings.

If a judge, before whom an action at law has been tried without a jury and who has been asked to make certain rulings of law, takes the case under advisement and does not deal with the requests for rulings until some time later when he files a memorandum of decision with a finding against the party who made the requests, there is no error of law in this if the party whose requests for rulings have been refused is allowed to except to the refusal.

CONTRACT against a husband and wife jointly on a promissory note secured by a mortgage of real estate owned by the husband. Writ dated July 30, 1915.

In the Superior Court the case was tried before *Irwin,* J., without a jury. The defendant Clifton G. Greenwood made no defence

to the action and was defaulted. The defendant Carrie M. Greenwood contested the case and contended among other things that no consideration for the note was received by her and that she was not in a condition physically or mentally to sign the note at the time it was executed. The facts that could have been found upon the evidence are stated in the opinion. At the close of the evidence the defendant Carrie M. Greenwood asked the judge to make the following rulings:

"1. On all the evidence the plaintiff cannot recover against the defendant Carrie M. Greenwood.

"2. If the note was received by the plaintiff to strengthen the purpose of the husband, Clifton G. Greenwood, to meet his moral obligation to the plaintiff, the defendant Carrie M. Greenwood is not liable.

"3. A wife's note given as security for a debt of her husband, previously existing, is not a valid consideration, neither is a wife's note to a third person on payment of her husband's debt for a valuable consideration unless she delivered the note to her husband to use by him.

"4. If the wife obtains nothing and the plaintiff gave nothing to her, there is no consideration moving from the defendant Carrie M. Greenwood to the plaintiff and the defendant Carrie M. Greenwood would not be liable.

"5. The defendant Carrie M. Greenwood was not an accommodation maker under R. L. c. 73, § 42.

"6. The defendant Carrie M. Greenwood having denied the consideration for the note, the burden of proof is on the plaintiff."

"The court, after taking the matter under consideration for about two weeks, found for the plaintiff (after the defendant Clifton G. Greenwood had been defaulted) in the sum of $1,354.22, but the court did not make any other finding or ruling in writing on the defendant's above requests for rulings until February 19, 1917, when the court in conference with counsel stated that he refused the first request and, thereupon, the court made the following memorandum with reference to said other requests for rulings:

"With the exception of the first request, the above several requests were considered and applied in so far as they relate to the facts laid before the court during the hearing of the case."

The defendant Carrie M. Greenwood excepted to the judge's refusal to make the rulings requested by her. She further excepted to the judge's refusal of the first request and to the making of the memorandum of his rulings on February 19, 1917, and also excepted to the refusals to rule and the rulings made as set forth in the memorandum.

R. L. c. 153, § 2, is as follows: "A married woman may make contracts, oral and written, sealed and unsealed, in the same manner as if she were sole, except that she shall not be authorized hereby to make contracts with her husband."

R. L. c. 73, § 41, is as follows: "Every negotiable instrument is deemed *prima facie* to have been issued for a valuable consideration, and every person whose signature appears thereon to have become a party thereto for value."

*J. J. Shaughnessy,* for the defendant Carrie M. Greenwood.

*J. W. McDonald,* for the plaintiff, was not called upon.

BRALEY, J. The judge before whom this case was tried without a jury having been warranted in finding on the record, that the defendant Carrie M. Greenwood signed the promissory note in suit as a joint and several maker with full knowledge of its tenor and that the consideration therefor was money lent by the plaintiff to her husband to be secured by a mortgage on his real estate, properly refused all the defendants' requests. R. L. c. 153, § 2; c. 73, § 41. *Harvey* v. *Squire,* 217 Mass. 411, 414. *Hooper* v. *Cuneo,* 227 Mass. 37, 40.

Nor do we discover any error of law because the memorandum or decision of the judge was not communicated or announced to counsel until some time after the case had been reserved for consideration.

*Exceptions overruled.*