FREDERICK A. WINCHESTER *vs.* FRED J. MISSIN.

Suffolk.     March 10, 1932. — March 11, 1932.

Present: RUGG, C.J., CROSBY, WAIT, SANDERSON, & FIELD, JJ.

*Broker*, Commission.     *Practice, Civil*, Appeal.

A statement, by a judge of a municipal court in an action by a real estate broker for a commission alleged to have been earned by procuring a sale of property of the defendant, that he did not find that the plaintiff was the cause of the sale and did not find that the plaintiff brought the parties together, and a finding for the defendant, were not to be disturbed where the record disclosed no evidence of a contrary import which as a matter of law was binding upon the defendant.

CONTRACT.     Writ in the Municipal Court of the City of Boston dated May 4, 1931.

In the Municipal Court, the action was heard by *Adlow*, J.     Material evidence before him, and rulings and findings made by him are described in the opinion.     There was a finding for the defendant, and a report to the Appellate Division was ordered dismissed.     The plaintiff appealed.

*H. G. Spence*, for the plaintiff.

*J. A. Edgerly*, for the defendant.

RUGG, C.J.     The plaintiff, a real estate broker, seeks to recover a commission on the sale of an estate belonging to the defendant.     The defendant testified that he listed the property for sale with the plaintiff and that afterwards the plaintiff telephoned to him to the effect that he had shown the house to a customer who was going to see the defendant. The defendant replied that he had been trying to sell a house to that customer for two years and could not do anything with him.     Later the property was sold by the defendant directly to this customer.     The plaintiff demanded a commission of the defendant which was refused.     Manifestly this testimony standing alone did not establish the plaintiff's case.     The trial judge in dealing with requests presented by the plaintiff stated that he did not find that

the plaintiff was the cause of the sale and did not find that the plaintiff brought the parties together. The granting or refusal of other requests raises no question of law because of these two findings. It is not necessary to narrate the other testimony because the defendant was not bound by any of it.

There was ample evidence to support the finding of the trial judge. The burden rested upon the plaintiff to prove that he was the efficient cause of the sale. It is not contended that liability of the defendant can be predicated on any other ground. The credibility of all the testimony, except that by which the defendant was bound, was for the trial judge. It can rarely be ruled as matter of law that the party upon whom rests the burden of proof has maintained his case where the decision rests upon the credibility of oral testimony and the inferences to be drawn from circumstances. *McDonough* v. *Metropolitan Life Ins. Co.* 228 Mass. 450, 452. The trial judge might have discredited all the testimony tending to support the plaintiff's contention. *Commonwealth* v. *Russ*, 232 Mass. 58, 70. *Holton* v. *Denaro, ante,* 261. This being an action at law, it is our function not to review the evidence but only to determine whether the finding of the trial judge can be supported on any reasonable view of the testimony. *Moss* v. *Old Colony Trust Co.* 246 Mass. 139, 143. Notwithstanding the earnest argument presented in behalf of the plaintiff, the case at bar falls within these well settled principles. No error of law is disclosed on the record.

*Order dismissing report affirmed.*