DANIEL TOPJIAN *vs.* BOSTON CASING COMPANY, INC.

Suffolk.   October 4, 1934. — October 23, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Negligence,* Of one owning or controlling real estate, Defective stairway.
   *Evidence,* Presumptions and burden of proof, Uncontradicted.

At the hearing in a municipal court of an action for personal injuries sustained when the plaintiff slipped on a wet stairway in a building controlled by the defendant, whose invitee the plaintiff was, there was oral testimony that glass in a nearby window was very dirty, that the business of the defendant was such that salt and water were apt to get on the stairs, and that they had not been cleaned for about two weeks.  The judge found or ruled that the defendant would be liable if he permitted salt to remain on the stairway for an unreasonable length of time, but declined to find that the stairway was in a defective condition, that the defendant was guilty of negligence or permitted salt to remain upon the stairs for an unreasonable time, or that if the defendant did not have light over the stairway it was liable; and made a general finding for the defendant.  A report by him was ordered dismissed by an appellate divison.  On appeal, it was *held,* that
   (1) Although there was evidence to support a finding for the plaintiff, it could not be said by this court that as matter of law such finding was required;
   (2) The absence of light at the place of the accident was merely one factor, and not a decisive one, in determining the liability of the defendant.
The mere fact that evidence is uncontradicted gives it no superior legal quality.  Per RUGG, C.J.

TORT.  Writ in the Municipal Court of the City of Boston dated September 22, 1932.

In the Municipal Court, the action was heard by *Adlow*, J. Rulings and findings made by him are described in the opinion.  He found for the defendant and reported the

action to the Appellate Division. The report was ordered dismissed. The plaintiff appealed.

*B. Goldman,* (*H. Krinsky* with him,) for the plaintiff.

No argument nor brief for the defendant.

Rugg, C.J. This is an action to recover compensation for personal injuries alleged to have been received by the plaintiff through the negligence of the defendant. There was testimony warranting a finding that the plaintiff, shortly after five o'clock on an August afternoon, slipped and fell on a stairway because it was wet; the glass in a nearby window was very dirty. The business of the defendant was such that salt and water were apt to get on the stairs and they had not been cleaned for about two weeks. The trial judge ruled or found that the defendant had control of the stairway; that the plaintiff was an invitee; that if the defendant permitted salt to remain on the steps for an unreasonable length of time it would be liable; that the burden of proving that the plaintiff was not in the exercise of due care was on the defendant and that that burden had not been sustained. He declined to find that the stairway was in a defective condition; that the defendant was guilty of negligence or permitted salt to remain upon the stairs for an unreasonable time; or that if the defendant did not have light over the stairway it was liable; and made a general finding for the defendant.

There was evidence to support a finding for the plaintiff, but it cannot be ruled as matter of law that such finding was required. The absence of light at the place of the accident was merely one factor, and not a decisive one, in determining the liability of the defendant. Whether, if found to exist, it was a cause or a mere condition of the accident was a question of fact. *Todd* v. *Winslow,* 278 Mass. 588. It could not rightly have been ruled as matter of law that the condition of the stairway at the time of the accident was defective. The rule is settled in this Commonwealth that the credibility of witnesses testifying orally and the weight of their evidence are entirely for the fact finding tribunal. *Devine* v. *Murphy,* 168 Mass. 249. *Lindenbaum* v. *New York, New Haven & Hartford Railroad,* 197 Mass.

314, 323.  *Commonwealth* v. *Russ*, 232 Mass. 58, 70.  *Winchester* v. *Missin*, 278 Mass. 427, 428.  The case at bar is no exception to that rule.  Compare *Williams* v. *Pittsfield Lime & Stone Co.* 258 Mass. 65, 69; *Laffey* v. *Mullen*, 275 Mass. 277, 278; *O'Neill* v. *Middlesex & Boston Street Railway*, 244 Mass. 510, 512; *Thompson* v. *Boston Publishing Co.* 285 Mass. 344, 351; *Shipp* v. *Boston & Maine Railroad*, 283 Mass. 266.  The testimony of an officer and of an employee of the defendant was only evidence and not admissions binding on the defendant.  Evidence that is uncontradicted has no superior legal quality, whatever its persuasive force may be.  The burden of proof rested on the plaintiff to show that the defendant was negligent in permitting the stairs to be in defective condition for an unreasonable length of time, in view of all the circumstances.  It could not rightly have been ruled as matter of law that this burden had been sustained.  *Anthony* v. *Mercantile Mutual Accident Association*, 162 Mass. 354, 357.  *Phillips* v. *Eldridge*, 221 Mass. 103.  *McDonough* v. *Metropolitan Life Ins. Co.* 228 Mass. 450, 452.  *Giles* v. *Giles*, 204 Mass. 383, 385.  *Eddy* v. *Johnston*, 250 Mass. 299, 301.  *Holton* v. *Denaro*, 278 Mass. 261.  *Commonwealth* v. *Davis*, 284 Mass. 41, 49.  We are not constrained by *Jerke* v. *Delmont State Bank*, 54 S. Dak. 446, and other cases relied upon by the plaintiff, to reach the opposite result.  No error of law is disclosed on the record.

*Order dismissing report affirmed.*