OLIVER A. JOHNSON *vs.* MICHAEL T. CZEIKUS & others.

Suffolk. October 23, 1934. — November 27, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Equity Pleading and Practice,* Findings by judge. *Evidence,* Presumptions and burden of proof.

Upon appeal in a suit in equity, without a report of the evidence, findings of fact made by the trial judge upon oral testimony will not be disturbed unless they are plainly wrong.

Where, upon such an appeal, the trial judge embodied in the report of his findings the testimony upon which the appellant largely relied and which was uncontradicted, no ground appeared for disturbing a finding contrary to such testimony: it was evident that the judge did not credit such testimony, and he was not required to do so.

BILL IN EQUITY, filed in the Superior Court on April 27, 1933.

The suit was heard by *Whiting,* J. Material findings by him are stated in the opinion. A final decree in favor of the plaintiff was entered. The defendants appealed. The evidence was not reported.

The case was submitted on briefs.

*M. M. Lewis,* for the defendants.

*R. J. Cotter, G. B. Rowell,* & *G. P. VanArkel,* for the plaintiff.

CROSBY, J. This is a bill in equity brought by the plaintiff as holder of three notes given by the defendants Michael T. Czeikus and Elizabeth G. Czeikus (herein called the principal defendants) to Samuel W. Johnson, the plaintiff's predecessor in title. It is alleged in the bill that each note was in the sum of $4,000 and was secured by a mortgage upon certain real estate in Boston. Each note provided for quarterly payments of not less than $40 with interest at seven per cent per annum. The bill further alleges that payments were made on the notes to November 1, 1932; that on February 8, 1933, payments being in default, the plaintiff entered on the several premises for the purpose

of foreclosing the mortgages; that the foreclosures left a deficiency on each note. The bill is brought to reach and apply certain other property of the principal defendants which had been conveyed by them to their son, the defendant Vito M. Czeikus. These conveyances, the bill alleges, were made without consideration and for the purpose of preventing the payment of any deficiencies to which the plaintiff might be entitled in connection with the foreclosure of the mortgages.

It was alleged in the answer of the principal defendants that the property subject to mortgage was conveyed to one Justinas Andrusiunas and his wife on August 20, 1927; that said defendants believed that the mortgages had been satisfied in full and had no knowledge of the foreclosure until the bringing of the bill; that the purchaser at the sale was merely a "straw" for the plaintiff; and that the consideration received at the foreclosure sale was inadequate. The answer was later amended and alleged that after the sale to Andrusiunas and his wife a binding agreement was entered into between Samuel W. Johnson, the plaintiff's predecessor in title, and Andrusiunas and his wife whereby the terms of the indebtedness due under the mortgages were changed to the detriment of the defendants. The plaintiff denied that any such agreement had been made.

"It was agreed at the trial that the property sought to be reached and applied was conveyed by the principal defendants under such circumstances that it could be reached and applied for the purpose of satisfying the debts of the principal defendants and that if there was liability the usual decree for reaching and applying such property would be entered."

The judge of the Superior Court before whom the case was heard found that on April 23, 1925, the defendants gave to Samuel W. Johnson the three notes for $4,000 each; that each note was secured by a first mortgage on separate adjoining pieces of real estate; that in August, 1927, the defendants sold the properties to Justinas Andrusiunas and Grisalda Andrusiunas, husband and wife; that prior to the date of this sale there had been no default in the payment of the

several notes, or of any of the provisions of the several mortgages. The judge embodied in the record the testimony of the purchaser Justinas Andrusiunas, but states that this testimony was not corroborated by any other witness. He further states: "I do not find as a fact, that the conversations took place as testified to or that the mortgagee entered into any binding legal agreement to refrain from foreclosing the mortgages or to extend the time of payment of the notes. I do find that after October, 1928, the mortgagee received at times a less sum than the amount of interest and principal required by the terms of the note. I further find that on September 12, 1929, the mortgagee assigned the mortgages to his son, Oliver A. Johnson, without consideration, and that in October, 1928, each property was worth more than the amount of the unpaid balance of the mortgage and interest above any other encumbrances on the property." The judge further found as follows: that on February 8, 1933, Oliver A. Johnson took peaceable possession of each of the properties described in the several mortgages for the purpose of foreclosure; that on April 5, 1933, each of the several mortgages was foreclosed; that the properties were purchased by Horace S. Johnson; and that the deeds under the power of sale were recorded on April 6, 1933. The amount due and unpaid on each of the three mortgages as of April 5, 1933, with charges properly allowed, after allowances for rents collected and the sale price, was found, the total amount being $6,455.52. A decree was entered establishing the claim of the plaintiff substantially in the amounts named in the bill, with interest and costs, and with provisions for reaching and applying the property standing in the name of the defendant Vito M. Czeikus, and dismissing the counterclaim filed by the defendants. The defendants appealed.

The findings by a judge sitting in equity, when the evidence is given orally and there is a conflict in the testimony, will not be reversed on appeal unless clearly erroneous. *Harvey-Watts Co.* v. *Worcester Umbrella Co.* 193 Mass. 138, 142, 143. *Rioux* v. *Cronin,* 222 Mass. 131, 134. The evidence consisted largely of the testimony of witnesses whom

the judge saw and heard and he had a better opportunity of deciding the facts and the proper inferences to be drawn therefrom than has this court. It is evident that he did not credit the testimony of Justinas Andrusiunas, upon which the defendants largely relied, when he states: "I do not find as a fact, that the conversations took place as testified to or that the mortgagee entered into any binding legal agreement to refrain from foreclosing the mortgages or to extend the time of payment of the notes." Although the alleged conversation between Andrusiunas and Samuel W. Johnson, the original mortgagee, was not contradicted, the judge was not required to believe it. *Guinan* v. *Famous Players-Lasky Corp.* 267 Mass. 501, 518. *Ashapa* v. *Reed*, 280 Mass. 514, 517.

*Decree affirmed with costs.*