RACHEL CAMERON *vs.* EUGENE BUCKLEY & another.

Middlesex. November 4, 5, 1937. — February 8, 1938.

Present: FIELD, LUMMUS, QUA, & DOLAN, JJ.

*Landlord and Tenant,* Common stairway. *Practice, Civil,* Requests, rulings and instructions.

Failure of a judge through mistake to file a statement of his disposition of requests for rulings until after he had filed his decision and findings was not reversible error where it appeared that the requests were discussed by the judge and counsel at the trial and that the judge passed on them before he made his decision.

A specific finding, at the trial of an action for personal injuries alleged to have been caused by a defect in a common stairway of a tenement house, that there had been no change in the condition of the stairway between the beginning of a tenancy upon which the plaintiff relied and the time of the alleged injury precluded recovery.

TORT. Writ in the Third District Court of Eastern Middlesex dated March 24, 1936.

A report by *Maloney,* J., who found for the defendants, was ordered dismissed by the Appellate Division for the Northern District. The plaintiff appealed.

*S. Berkett,* for the plaintiff.

*E. P. Shaw, 3d,* for the defendants.

DOLAN, J. This is an appeal from an order of the Appellate Division for the Northern District, dismissing a report established by a judge assigned for that purpose under Rule 30 of the District Courts (1932) as amended.

The action is in tort to recover for personal injuries, sustained by the plaintiff in falling on a common stairway of a two-tenement house owned by the defendants in which the plaintiff's husband was one of the tenants. At the close of the evidence the plaintiff and the defendants presented

requests in writing for rulings. On August 24, 1936, the trial judge, who will hereinafter be referred to as the judge, rendered a decision in favor of the defendants in the form of "findings and rulings," of which the plaintiff had notice on the following day. The judge found that the stairway on which the plaintiff fell and was injured on November 30, 1935, was a common stairway; that it was in the same condition then as at the time of the letting; that neither of the tenants ever reported any defect therein to the defendants; that in the absence of notice (using the words "I find") "there was no duty . . . under the terms of the letting to make any inspection of the stairway"; that the defendants made no such inspection; that no repairs had been made on the stairway up to the time of the trial; that "the tenants" still occupied the house; and that there was no negligence on the part of the defendants. The "findings and rulings" conclude as follows: "I find for the defendants. Neither party made any requests for rulings of law." The last recital was incorrect. The error was brought to the judge's attention by the plaintiff's counsel and the judge filed his disposition of the plaintiff's requests for rulings on August 28, 1936, granting the second, third and fourth requests and denying the remaining fifteen. He denied the latter as relating to questions of fact rather than of law, or to facts which he did not find, or as inapplicable in view of his "findings that there had been no change in the condition or apparent condition of the cellar stairway between the time when the tenancy began and the time when the accident happened, no report of any defect, or request for repairs and no negligence on the part of the defendants."

The first question presented is whether the failure of the judge to file his disposition of requests for rulings until some days after he had filed his findings was prejudicial error. It is the duty of the trial judge to adopt correct rules of law for his guidance, find the facts under their guidance, and, upon proper requests therefor, state the rules of law adopted by him so that the right of review may be preserved. *Adamaitis* v. *Metropolitan Life Ins. Co.* 295 Mass. 215, 219. The report discloses that the requests were discussed at the

trial by the judge and counsel and that the former did examine and pass upon them before rendering his findings, but that he had misplaced them. As the plaintiff was not prejudiced as to her right of review she was not harmed by the delay in filing the disposition of the requests for rulings. In similar circumstances it was held that the fact of such delay did not constitute error of law. *Willard* v. *Greenwood*, 228 Mass. 549, 551.

The plaintiff contends that the judge erred in his disposition of her requests and that his general finding for the defendants was predicated upon erroneous special findings. The plaintiff had the burden of proving that she sustained her injuries through a lack of reasonable care on the part of the defendants to keep the common stairway in as good condition as it was or appeared to be when the tenancy began. *Griffin* v. *Rudnick*, 298 Mass. 82, 84, and cases cited. In so far as the plaintiff's requests which were refused were for findings of fact, the judge was not obliged to make them. *Crowninshield Shipbuilding Co.* v. *Jackman*, 283 Mass. 21, 22. Those refused which were for rulings of law were based on assumptions of facts not in accord with the facts found by the judge; they were thus rendered immaterial and were properly denied. *Marschall* v. *Aiken*, 170 Mass. 3. *Levine* v. *Cohen*, 235 Mass. 446, 448. *Franklin Park Lumber Co.* v. *Huie-Hodge Lumber Co.* 246 Mass. 157, 158. *Mahoney* v. *Norcross*, 284 Mass. 153, and cases cited. The requests denied which called for rulings on fragments of the facts in evidence were not required to be given. *Barnes* v. *Berkshire Street Railway*, 281 Mass. 47, 50. *Halnan* v. *New England Telephone & Telegraph Co.* 296 Mass. 219, 223. The requests that there was evidence to warrant findings that there was a change in the premises, and for the plaintiff, became immaterial by virtue of the precise finding of the judge that there had been no change in the condition or apparent condition of the stairway between the letting and the accident, and were properly refused. *Roche* v. *Brickley*, 254 Mass. 584, 585, 587. In view of this specific finding the plaintiff was not harmed by the ruling of the judge that there was no duty on the part of the defendants to make repairs in

the absence of notice of a defect. The finding was not without support in the evidence and was decisive of the plaintiff's rights. *Webber* v. *Old Colony Street Railway*, 210 Mass. 432, 442.

*Order dismissing report affirmed.*