# RESCRIPTS WITHOUT OPINIONS.

Pursuant to the requirements of G. L. (Ter. Ed.) c. 211, § 9, the Reporter publishes the following:

COMMONWEALTH *vs.* HYMAN WERLINSKY. September 18, 1940. Exceptions sustained. The defendant, charged by complaint with unlawfully selling "articles for the prevention of conception," was convicted at a trial in the Superior Court before a judge sitting without a jury. The complaint was based upon G. L. (Ter. Ed.) c. 272, § 21, which provides in part for punishment by imprisonment or fine of any person selling "any drug, medicine, instrument or article whatever for the prevention of conception." The request of the defendant for a ruling that "where a statute prevents the sale of an article for a designated purpose, and where the said article has in addition a purpose which is legal, it must be presumed, in the absence of evidence to the contrary, that the sale of the article was for the legal purpose," was denied and the defendant excepted. The trial judge found specifically "as a fact that the articles sold by the defendant were for the prevention of conception." While as a matter of technical form the statement of law in the requested ruling in terms of presumption may be open to criticism, the statement was correct in substance as applied to the statute involved in the case in accordance with the decision made under the same statute in *Commonwealth* v. *Corbett, ante,* 7. The ruling requested was applicable to the evidence in the case. Its denial was prejudicial to the defendant. The specific finding of the trial judge did not render the request immaterial. This finding does not import a recognition by the trial judge of the principle of law embodied in the requested ruling. Since, in the opinion of a majority of the court, the exception to the denial of this request for a ruling must be sustained, other exceptions need not be considered. The questions raised thereby may not be presented in the same form at another trial.

*M. Cohan & H. Zarrow,* for the defendant.

*A. B. Cenedella,* Assistant District Attorney, for the Commonwealth.

THE SOCIETY OF JESUS OF NEW ENGLAND, INC. *vs.* LOUIS JOSEFSON. October 8, 1940. Order dismissing report affirmed. The trial judge could file his ruling after he had entered his finding. *Willard* v. *Greenwood,* 228 Mass. 549. *Cameron* v. *Buckley,* 299 Mass. 432, 433–434. That he adopted the procedure of revoking his original finding and entering the same finding again at the time of his ruling upon the mislaid request is immaterial. He had power to adopt this method. *Randall* v. *Peerless Motor Car Co.* 212 Mass. 352, 388, 389. *Waucantuck Mills* v. *Magee Carpet Co.* 225 Mass. 31. *Conway* v. *Kenney,* 273 Mass. 19, 23. *Jamnback* v. *Aamunkoitto Temperance Society, Inc.* 273 Mass. 45, 50. *Peterson* v. *Hopson,* 306 Mass. 597, 599, and cases cited. Obviously, the judge's intent was to indicate what law he had applied to the facts as found by him which entered into his ultimate finding for the plaintiff. Thus the defendant had the full benefit of his request for ruling and is in no way aggrieved.

*W. E. Reilly,* (*J. B. Cummings & J. M. Rosenthal* with him,) for the defendant.

*W. A. Heaphy,* for the plaintiff.