Henchey, J.
Action of tort by the plaintiff, as administrator of the Estate of Thomas Shea, to recover damages for the conscious suffering and death of his intestate under G. L. (Ter. Ed.) Chapter 229, Section 5, as amended. The intestate, while a pedestrian upon a public highway, was struck and injured by.a mail truck operated by the defendant.
*228 The defendant’s answer is a general denial and contributory negligence on the part of the intestate.
There was a trial and a finding for the plaintiff. The defendant claimed a report, alleging error in the disposition of three rulings requested by him. These are as follows:
“1. As a matter of law the evidence warrants a finding that the plaintiff was not in the exercise of due care, and was guilty of contributory negligence. 2. As a matter of law the evidence warrants a finding for the defendant. 3. That the plaintiff has failed to sustain the burden of proving any negligence upon the defendant.”
The trial judge denied No. 3 and, regarding the others, stated in his “Memorandum of Rulings and Findings,” “I give Nos. 1 and 2, but I rule that they are not applicable in view of the fact that I find that the defendant was actually negligent.”
The trial judge made a long and detailed finding of facts in which he found that the defendant was crossing a well lighted intersection; that there was no other traffic moving in the intersection; that the view of the defendant as operator of the truck was unobstructed except for a post holding the roof of the truck which interfered with his view; that the intestate before he was struck travelled approximately thirty-three of the forty-four feet in distance across the intersection; that he was not guilty of contributory negligence which contributed to the accident; that the failure of the defendant at any time to see the intestate during the period in which the latter was crossing the intersection constituted negligence on the part of the defendant.
In considering the question whether or not there was error in the disposition of the rulings 1 and 2 requested by the defendant, there is first the question whether or not the defendant is entitled to claim error. He requested the rul *229 ings and the judge gave them. Ordinarily, a party requesting a ruling has no claim of error if the judge gives it. Di Lorenzo v. Atlantic National Bank, 278 Mass. 321, at 323. Thomas J. Jewett, Jr. Inc. v. Keystone Driller Co., 282 Mass. 469, at 475. Woodman v. Haynes, 289 Mass. 114, at 117, 118, Baker v. Davis, 299 Mass. 345, at 348. Korb v. Albany Carpet Co., 301 Mass. 317, at 318.
A careful examination of the situation, however, discloses that the defendant does not claim to be aggrieved by the giving of the requests but by the subsequent ruling that the rulings were rendered inapplicable by the trial judge’s finding of negligence on the part of the defendant. A party entitled to a ruling is entitled also to be assured that it is properly applied. Clarke v. Second National Bank, 177 Mass. 257, at 266, 267. Mass. General Hospital v. Belmont, 233 Mass. 190, at 210.
In this situation it becomes necessary to discuss the rulings requested and their application. Each ruling, 1 and 2, begins “As a matter of law.” Such a beginning usually implies a request to rule one way or another as matter of law.
A request of that nature usually means the court is dealing with an issue of law only, no question of fact being involved, and that he must give the ruling requested because the party requesting it is entitled to it, as matter of law. If the trial judge denies it, he decides in effect that the law, or the right of the party is not as stated.
The requests under consideration are a little different. When they are analyzed each is found to be a request for a ruling that the evidence is sufficient to warrant a finding. Such a ruling is in its nature and effect a ruling of law. Denny v. Williams, 5 Allen 1, at 4. Brightman v. Eddy, 97 Mass. 478, at 481, 482. Bresnick v. Heath, 292 Mass. 293, at 298. Goyette v. Amor, 294 Mass. 355, at 357, 358. The *230 bare request for a ruling that the evidence was sufficient to warrant a finding, being in itself a request for a ruling of law, no strength was added to it by prefixing the words “As a matter of law.” Those words, therefore, are pure surplusage.
There may be evidence which, if believed, will warrant a particular finding, but the giving of a request to that effect does not mean that the party asking for such a ruling and receiving it is entitled, as matter of law, to a general finding. First National Bank of Boston v. Sheridan, 285 Mass. 338, at 339. Topjian v. Boston Casing Co. Inc., 288 Mass. 167, at 168. The duty of the trial judge to find the vital facts still remains, and some of those facts when found, and made a certainty, may make a general finding impossible. Such a finding may be warranted but not required. Memishian v. Phipps, 311 Mass. 521, at 525. A finding of fact may make a ruling requested inapplicable. In this case, after the finding of fact that the defendant was negligent was made, rulings 1 and 2 ceased to be pertinent to the facts found by the trial judge. Crowinshield Shipbuilding Co. v. Jackman, 283 Mass. 21, at 22.
There would have been less uncertainty, if the trial judge had denied the requests as inapplicable because of that finding; such a denial would have been a proper disposition. Morse, Williams & Co. v. Ellis, 172 Mass. 378, at 382. Hall v. Grace, 179 Mass. 400. J. G. Pierce Co. v. Wallace, 251 Mass. 383, at 384. White v. Beacon Trust Co., 272 Mass. 75, at 81. Reid v. Doherty, 273 Mass. 388, at 389. Mahoney v. Norcross, 284 Mass. 153, at 153, 154. Cameron v. Buckley, 299 Mass. 432, at 434.
. Giving a request and then ruling that the ruling requested is inapplicable is not an usual disposition but there is nothing inherently wrong with it. Even if such a procedure were error it would not be prejudicial.
*231 “But when a ruling of law is given which is erroneous because not applicable to the facts found by the judge, a new trial will not be ordered where it is clear that a just decision has been made under the principles of law appropriate to the facts found to be true.” Rathgeber v. Kelly, 299 Mass. 444, at 446.
See Freeman v. Robinson, 238 Mass. 449, at 452. Slocum v. Natural Products Co., 292 Mass. 445, at 458. Ryder v. Warren, 295 Mass. 25, at 29. Alderman v. Noble, 296 Mass. 30, at 33. There was no error in the disposition of the rulings requested, number 1 and 2.
There was no error in the denial of the ruling requested numbered 3. Whether or not a party has sustained the burden of proof is ordinarily a question of fact. This is particularly true where the evidence consists of oral testimony. Patterson v. Ciborowski, 277 Mass. 260, at 267. Hannuniemi v. Carruth, 278 Mass. 230, at 232. Winchester v. Missim, 278 Mass. 427, at 425. Salem Trust Co. v. Deery, 289 Mass. 431, at 433. There was nothing in this case to take it out of this rule. The testimony was oral and the credibility of the witnesses and the drawing of inferences were all matters of fact. Engel v. Checker Taxi, Co., 275 Mass. 471, at 475. Topjian v. Boston Casing Co. Inc., 288 Mass. 167, at 168. There is no error in the denial of a request for a finding of fact. Wrobel v. General Accident Fire & Life Assurance Corp. Ltd., 288 Mass. 206, at 209. Cameron v. Buckley, 299 Mass. 432, at 434.
No prejudicial error appearing, the report is to be dismissed.