Eno, J.
This is an action of tort for deceit in which it is alleged that defendant induced the plaintiff to make him a loan of $1095.00 upon a false statement of his financial condition, and that said loan was made on reliance of said false statement. The answer contained besides a general denial a suggestion of bankruptcy.
The facts may be summarized as follows:
The plaintiff is a corporation duly licensed to engage in the loan business. The defendant had obtained a number of loans from the plaintiff and on October 15, 1947, he owed the plaintiff a balance of $876.00 on a\ prior loan. On that day the defendant applied for a new loan and talked about it with one Bearse, the assistant manager of the plaintiff corporation. Bearse showed the folder containing information concerning the defendant to the manager, one Applegate, who, on the basis of that informa *113 tian and of the previously good payment record, approved the loan; the assistant manager then gave the defendant a Declaration of Indebtedness to fill out which he did in his own handwriting. This showed the existing debts of the defendant to amount to $980.00. The assistant manager then prepared a note for $1095.00 and a chattel mortgage covering the defendant’s household furniture. It was the assistant manager’s duty to examine the Declaration of Indebtedness and, if he considered that it disclosed an excessive indebtedness, to call the matter to the attention of the manager; the latter would withdraw his approval of any loan where the Declaration showed excessive indebtedness. In this case, the assistant manager did not show the Declaration to the manager, but he testified that, had he known the actual indebtedness of the defendant on that date, he would have re-submitted the application to the manager. The latter also testified that, had this matter been brought to his attention, he would have disapproved the loan. Belying on said declaration, the assistant manager then paid to the defendant the sum of $125.65 consisting of $51.53 refund of discount of previous loan and $74.12 balance after paying previous loan and expenses, and at the same time gave the defendant the old note representing the previous loan.
In August of 1948 the defendant filed a petition in bankruptcy listing debts due on October 15, 1947, of over $5000.00 which he did not list in said Declaration of Indebtedness furnished to the plaintiff, although he knew he owed all this money. The defendant has paid nothing on account of the note for $1095.00 of October 15, 1947, and the plaintiff filed no proof of claim in bankruptcy.
The following testimony of the manager, Applegate, and assistant manager, Bearse, was admitted over the defendant’s objections:
“ Q. (To witness Applegate) If the Defendant had listed indebtedness substantially in excess of the amount of the *114 loan requested, would you have granted the loan! A. It all depends what you mean by excessive.
Q. Would you have considered debts approximately $5000.00 excessive? A. I think so.
Q. What amount of indebtedness would you regard excessive in considering the loan should be made? A. 1 would consider $5000.00 or $6000.00 excessive in this case.
Q. (To witness Bearse) Did you rely upon the financial statement of October 15, 1947, when you made a new loan on that date? A. Definitely.
Q. Did you ask Defendant if he had any debts other than those listed in the Declaration of Indebtedness? A. No. I asked him to list all debts and he filled out the Declaration.
Q. What happened after the Declaration was filled out? A. I witnessed the signature of Atwood after looking-over the Declaration to see how it compared with previous Declarations, I talked with him regarding due date and gave him the contract to take to the cashier for him to get his money. I also took part of the papers to the cashier who witnessed his signature and gave him the cash. ’ ’
The plaintiff seasonably filed requests for rulings, all which the trial judge allowed, and which are hereinafter discussed in this opinion.
The defendant filed the following requests which the Court denied:
“(3) I request your Honor to rule that the claim of the Plaintiff is barred by reason of the petition in bankruptcy filed by the Defendant. (4) I request your Honor to rule that upon all the evidence the Plaintiff cannot maintain this cause of action. (5) I request your Honor to rule that the cause of action, if any, by this Plaintiff, is one in contract and not in tort. (6) I request your Honor to rule that the Plaintiff is barred from maintaining this action. (10) I request your Honor to rule that since the financial statement that was signed by the Defendant was not seen *115 by Mr. Applegate, the Manager at the time, he approved the loan and there can be no recovery by the Plaintiff in this action. (11) I request your Honor to rule that Mr. Applegate testified that he approved the loan upon the fact he knew the Defendant; Defendant had a place of business; he resided where he said he did, and that his prior record with the company was very good, and therefore, there can be no recovery.”
The trial judge also made the following findings of facts:
“Plaintiff had been loaning money off and on to Defendant for several years. The last previous loan was for $1095.00 dated July 11, 1947 for 15 months. In October, 1947 Defendant, having foreseen his inability to make payments, applied on October 15, 1947 for a new loan. He explained the matter to Mr. Bearse, Assistant Manag’er of the Plaintiff, Bearse got out the folder containing information about the Defendant and showed it to Mr. Applegate, Plaintiff’s Manager, who on the basis of information as to Defendant’s residence, business and previous regular payments approved the loan. Bearse then prepared the papers for signature; a note for $1095.00, a chattel mortgage, a statement of contract and declaration of indebtedness. There was then paid to the Defendant $125.65, consisting $51.53 representing refund of discount on the previous note and $74.12 representing new cash after payment of balance on the old note and expenses.
The declaration of indebtedness showed existing indebtedness on October 15, 1947 of $980.00. In August of 1948 Defendant filed a petition in bankruptcy disclosing debts due on October 15,1947 of over $5000.00. Plaintiff filed no proof of claim.
It was Bearse’s business to examine the declaration of indebtedness and if he considered that it disclosed an excessive indebtedness, to call the matter to Applegate’s attention. If Applegate considered the indebtedness excessive he would withdraw approval and the loan would not be granted. Bearse testified that had he known of the *116 actual indebtedness of the Defendant on October 15, 1947 he would have taken the application up again with Apple-gate. Applegate testified that had this matter been brought to his attention he would have disapproved the loan.
I find that the Defendant made a false representation as to his indebtedness, intending thereby to deceive Plaintiff; that Plaintiff relied on the representation and loaned money to the Defendant which it would not have loaned had it known of the actual indebtedness.
I find and rule that the Plaintiff’s damage is $74.12 which represents the new money paid out on the new note and all the actual cash Plaintiff was fraudulently induced to part with. The $51.53 was a cash refund which the Defendant was entitled to on cancellation of the previous note.”
The report states that it contains all the evidence material to the questions reported.
The report is before us on the admission of the above testimony, duly objected to, and on the allowance of the plaintiff’s requests and the denial of the above quoted defendant’s requests.
This case was previously before this division, when in a prior trial thereof substantially the same testimony was offered and rejected by the trial judge. We held then that it was prejudicial error to have excluded this evidence and ordered a new trial. See Vol. 14 Massachusetts Appellate Division Reports, Page 131 (1949).
We are still of the opinion that this testimony was an important part of plaintiff’s burden of proof and therefore that there was no error in its admission.
The main contention of the defendant is that the loan had already been approved by the manager Applegate before the Declaration of Indebtedness was made. This is technically true, but the report also discloses that the matter was left with the assistant manager to obtain the Declaration of Indebtedness and if he found the debts listed therein excessive, he was to report the matter again to the *117 manager, and both the manager and assistant manager did not consider an indebtedness of $980.00 excessive, bnt would have disapproved the loan had they known it amounted to over $5000.00.
The most that can be inferred from the evidence is that Applegate tentatively approved the loan, which was made only after the defendant delivered the certificate of indebtedness, at which time he received money from the plaintiff.
Defendant’s third request was waived at the hearing-before this division, and since his sixth request appears to be based on the same defense we treat it as also waived.
The fourth request was properly denied since it lacks specifications required by Buie 27 of the Buies of District Courts (1940), Holton v. American Pastry Products Corp., 274 Mass. 268, 270; Duralith Corp. v. Leonard, 274 Mass. 397, 400; Wainwright v. Jackson, 291 Mass. 100, 101-102; Magrath v. Sheehan, 296 Mass. 263, 264; Gibbons v. Denoncourt, 297 Mass. 448, 450; Forbes v. Gordon & Gerber, Inc., 298 Mass. 91, 95, and cases cited; Murphy v. Kelley, 302 Mass. 390, 392; Okin v. Sullivan, 307 Mass. 227, 228; Dellamono v. Francis, 308 Mass. 502, 503.
The fifth request was also properly denied since the plaintiff could sue in contract on the note or in tort for deceit, as it did by this action. Peoples National Bank v. Dixwell, 217 Mass. 436; National Shawmut Bank v. Johnson, 317 Mass. 485.
The tenth and eleventh requests were in effect requests for findings of facts, which the trial judge was not obliged to give, Davis v. Boston Elevated Railway Co., 235 Mass. 483, 494; Houghton & Dutton Co. v. Journal Engraving Co., 241 Mass. 541, 545; Maglio v. Lane, 268 Mass. 135, 136-137; Castano v. Leone, 278 Mass. 429, 431; Dolham v. Peterson, 297 Mass. 479, 481; Gosselin v. Silver, 310 Mass. 481, 482; Conley v. Morash, 307 Mass. 430, 432; Memishian v. Phipps, 311 Mass. 521, 523; Codman v. Beane, 312 Mass. 570, 574, *118 and furthermore they dealt only with indecisive portions of the evidence and the trial judge properly denied them. DiLorenzo v. Atlantic National Bank, 278 Mass. 321, 324; Halnan v. New England Telephone & Telegraph Co., 296 Mass. 219, 223; Gibbons v. Denoncourt, 297 Mass. 448, 454; Cameron v. Buckley, 299 Mass. 432, 434; Memishian v. Phipps, 311 Mass. 521, 523.
The Court properly allowed plaintiff’s requests seeking rulings that the evidence warranted certain finding’s of facts and a finding for the plaintiff. But we think the Court erred in allowing its requests:
“ (2) The Court is required to find for the Plaintiff in this case upon all the law, and (4) The Court (based on the following facts) is required to find for the Plaintiff upon all the evidence, (a) The Defendant executed and delivered to the Plaintiff a false state-' ment of his financial condition, (b) That this financial statement was made knowingly and with intent to deceive the Plaintiff, (c) That the Plaintiff relied upon this financial statement and extended credit thereon, (d) That the Plaintiff suffered damages thereby. ’ ’
The plaintiff had the burden of proof, and it could not be ruled as a matter of law that it had sustained it, since the decision rested largely on the credibility of the testimony of Applegate and Bearse. Winchester v. Missin, 278 Mass. 427, 438. See McDonough v. Metropolitan Life Insurance Co., 228 Mass. 450, 452; Duggan v. Bay State Street Railway Co., 230 Mass. 370, 379; Morrissey v. Connecticut Valley Street Railway Co., 233 Mass. 554, 556; Castano v. Leone, 278 Mass: 429, 431; Topjian v. Boston Casing Co., Inc., 288 Mass. 167, 168-169; O’Brian v. Harvard Restaurant & Liquor Co., 310 Mass. 491, 493.
The trial judge was not bound to believe the evidence of the plaintiff, even though it was uncontradicted. Lindenbarm v. N. Y. N. H. and H. R. R., 197 Mass. 314, 323; Topjian v. Boston Casing Co., Inc., 288 Mass. 167, *119 169 ; Great Barrington Savings Bank v. Day, 288 Mass. 181; Salem Trust Co. v. Deery, 289 Mass. 431: Pearson v. O’Connell, 291 Mass. 527.
The Court observed in U. S. F. and G. Co. v. Sheehan, 308 Mass. 321, 323-324; that “counsel and judges not infrequently imperil decisions by needlessly seeking or making rulings that the conclusion reached is required as a matter of law, when in truth it is merely warranted as a matter of law and therefore permissible as a finding of fact.”
The trial judge allowed defendant’s request numbered 12 to the effect that, in the event of a finding for the plaintiff, the amount of damages it could recover, was only $74.12, this being the actual amount advanced by the plaintiff on this note.
The judge found for the plaintiff in that amount and the plaintiff argues that the finding should have been for the full amount of .the new loan of $1095.00.
We are of the opinion that the measure of damages is not that adopted by the trial judge as requested by the defendant’s twelfth request, nor is it that argued by the plaintiff.
It is true that in Sibbey v. Hulbert, 15 Gray 509, the Court allowed recovery of the full amount of a note against a payee for an oral false representation at the time of selling it' to the plaintiff that the note had not been paid, when in truth it had been paid. In that case since the note had been paid it was held that it was conclusive evidence that the maker could pay it and “to assess any less sum than the full amount of the note would be to allow the defendant to retain a part of it as the profit upon his own fraud and falsehood.”
In National Shawmut Bank v. Johnson, 317 Mass. 485 at 491 the Supreme Judicial Court laid down the rule as follows:
*120 “The measure of damages was the difference between the actual value of the notes when delivered to the corporation and what their value would have been if they had been as represented by the defendant.”
The facts in that case vary from those in the instant case. Stated in different words we think that the correct measure of damages governing this case is as stated in Ceder v. McCarthy, 320 Mass. 618 at 619 for an action of deceit: “the difference in actual value between that which the plaintiff in fact got and that which he would have got if the representation had been true.”
There was therefore prejudicial error in the allowance of the plaintiff’s second and fourth requests and the defendant’s twelfth request. The finding for the plaintiff is to be vacated and the case remanded for a new trial.