*Municipal Court of the City of Boston*

No. 402047

## SALVATORE POLIZZI

v.

## KOSTA H. THEODOR ET AL

(January 13 — March 16, 1956)

*Lewiton, J.*  In this action of contract, the trial court (*Barron, J.*) found for the plaintiff in the amount of $75.00 for moth damage to one of several coats which the plaintiff had left with the defendants for storage during the spring and summer months of 1954. The case is here on report of the defendants' claim that they were aggrieved by certain rulings by the trial judge on requests for rulings submitted by them at the close of the evidence. We find no error.

There was evidence from which the trial court could have found that extensive moth damage to the coat in question occurred between the time it was left with the defendants for storage in April, 1954, and the time it was returned to the plaintiff in October of that year. The defendants contended that even if such damage did occur, they could not be held liable because of a limitation of liability printed on the receipt which they claim to have given the plaintiff when he first left the coat. The requested rulings to that effect, which are here in issue, were based on the premise that such a receipt was in fact given to the plaintiff and accepted by him, and that the contract between the parties was in fact set forth in the receipt.

The trial court in denying the requested rulings impliedly found that the contract entered into between the parties was not set forth in a writing, and expressly found as a fact "that the defendants agreed to be liable for moth damage to the plaintiff; and this agreement was part of the terms of the contract between the parties".

The receipt which was given to the plaintiff at the time he left the coats with the defendants was not in evidence. The defendant Theodor testified that when the receipt was surrendered by the plaintiff, on re-delivery of the coats, it was destroyed by the defendants. The latter offered in evidence two blank printed forms of receipt which the defendant Theodor testified were exactly like the ones used at

the time the plaintiff left the coats for storage. These forms were marked "Exhibit 1," and "Exhibit 1-A," respectively, and have been presented to us in argument. We note that although they were described by the defendant Theodor as "the customer's copy", and "the company's copy" respectively, there is no such description or notation printed or marked on the receipt forms themselves. We note, also, that while each of the receipts in question states on its face that the items referred to thereon are received subject to the conditions printed on the back, there is no printing whatever on the back of Exhibit 1-A. On the back of Exhibit 1 there is considerable fine print, including a provision that "the Company" shall not be liable for damage caused by moth. The report refers to no evidence binding on the plaintiff that he ever received a receipt in the form of Exhibit 1. While the report states that during his cross-examination, he was shown "a form" and testified that "it looked like the receipt he received", that form is not otherwise described or identified. Consequently, even if it be assumed that the plaintiff would be bound by the limitation of liability printed on the back of Exhibit 1, if that were the form of receipt given to him, (see *Kergald v. Armstrong Transfer Express Co.*, 330 Mass. 254 and cases cited at page 255), the trial judge was not required to find that the receipt actually given to him was in that form, rather than in the form of Exhibit 1-A. Neither was the court required to accept the testimony of the defendant Theodor that both parties signed the receipt when the coat was first left by the plaintiff. The testimony of a party, even if uncontradicted, need not necessarily be believed or accepted as true by the trier of facts. *Perry v. Hanover*, 314 Mass. 167, 170; *Topjian v. Boston Casing Co., Inc.*, 288 Mass. 167, 169; *Johnson v. Czeikus*, 288 Mass. 428, 431; *Ashapa v. Reed*, 280 Mass. 514, 517. Consequently the court was free to find, upon all

the evidence, that the contract between the parties was not set forth in Exhibit 1, and that the limitation of liability set forth on the back thereof was not applicable to the agreement which was in fact made by the parties in this case.

*Report dismissed.*

Louis Winer, for the plaintiff.

Richard F. Fell, for the defendant.