*Municipal Court of the City of Boston*

No. 66701

**GEORGE SABA**

v.

**JOHN KHOURI**

Argued: Feb. 28, 1969 Decided: March 12, 1969

*Present:* Lewiton, J., Morrissey, Glynn, J.J.

Case tried to *Gorrassi, Sp. J.* in the Municipal Court of the City of Boston No. 66701

*Lewiton, J.* This action of contract was commenced on March 1, 1962. In Count I of plaintiff's declaration he seeks to recover for deceit, and in Count II for money had and received by the defendant for the plaintiff's use. The defendant's answer set up a general denial and additional defenses of the Statute of Frauds and the Statute of Limitations. The case is here on a report of the plaintiff's claim that he was aggrieved by certain rulings of the trial judge.

At the close of the trial, the plaintiff submitted requests for rulings. Since most of them were denied by the trial judge as being inapplicable to the facts found by him, we now summarize the facts so found:

Prior to September 6, 1958, one Joseph De-Stefano purchased a building containing a store which had been operated for forty years as a variety store. This store had been closed, to the knowledge of the plaintiff, for six months prior to September 6, 1958. At the request of DeStefano, the defendant, who was a real estate dealer, contacted the plaintiff as a prospective

purchaser of the variety store. Negotiations for the sale were conducted with the plaintiff by both the defendant and DeStefano. The defendant told the plaintiff that the previous owner had done business in the store for forty years, that she had died, that the store had been closed for six months, and that she had previously done a gross weekly business of $1,400 to $1,800. There were no business records available for the plaintiff to examine, and the plaintiff did not inquire from any other source as to the gross business done by the previous owner. The plaintiff was shown the store and its contents on several occasions. On September 6, 1958 the plaintiff entered into a written agreement to purchase the business with its good-will, chattels, fixtures and inventory, for $4,500. He also signed a lease with DeStefano for a term of three years. The plaintiff and DeStefano were represented by the same attorney in connection with the sale and lease. The plaintiff opened the store for business and operated it until March, 1960, when he sold the business for $5,000 to a purchaser who is still in business at the same location. The plaintiff had no business records for the period during which he conducted the business but he testified that he grossed about $400 to $500 a week. There had been an earlier action by the plaintiff against DeStefano in the Boston Municipal Court but that case was settled by a "neither party" agreement.

In addition to the foregoing detailed findings, the trial judge found specifically that the defendant had acted in good faith in his dealings with the plaintiff. He made a simple finding for the defendant on Count I, and as to Count II, he found that the plaintiff had failed to sustain the burden of proof and he found for the defendant.

The reported evidence, which is stated to be all of the evidence material to the questions reported, supports the foregoing findings.

We now turn to the rulings of which the plaintiff complains.

 While it is questionable from the reported evidence that findings for the plaintiff were warranted, as stated in request No. 1, the plaintiff is in no position to complain of the judge's ruling on that request that such findings were warranted but not required. *Memishian* v. *Phipps*, 311 Mass. 521, 525.

 Requested ruling No. 2, that there was insufficient evidence to warrant a finding for the defendant, was properly denied. This is not one of those rare cases in which it could be ruled as a matter of law that the plaintiff, who had the burden of proof, had sustained that burden. *Hoffman* v. *Chelsea*, 315 Mass. 54, 56. *Winchester* v. *Missin*, 278 Mass. 427, 428.

 Requests No. 3, 4, 5 and 8 were all based upon the assumption that the defendant had made fraudulent misrepresentations to the

defendant, and that the latter had relied upon them. These requests were denied by the trial judge as being inapplicable to the facts found. As stated above, the court had found that the defendant had acted in good faith in his dealings with the plaintiff. Moreover, the report is totally devoid of any evidence or findings concerning any such misrepresentations by the defendant, or the falsity thereof, or reliance thereon by the plaintiff.

Requested ruling No. 6, pertaining to the measure of damages in an action of deceit, was denied as inapplicable to the facts found. Wholly apart from the fact that the requested ruling was not a correct statement of the law, there was no occasion for the court to grant a ruling as to damages where it did not find the essential elements of an action for deceit.

We find no error in the denial of request No. 7 as being inapplicable to the facts found, since there was neither a finding nor any evidence reported to the effect that the defendant took any of the articles referred to in the request, which sought a ruling that the plaintiff was entitled to recover for such items, alleged to have been so taken.

By request No. 9, the plaintiff sought a ruling that the Statute of Limitations affects only the remedy and not the right of action. The court granted this request and then prop-

erly added that it was not applicable to the facts found. **Report dismissed.**

J. Sheffield Dow
for the Plaintiff
John T. Donahue
for the Defendant