ANGELO PELOSI vs. GILBERT D. BUGBEE.

Suffolk.   March 16, 1914.— May 21, 1914.

Present: RUGG, C. J., LORING, SHELDON, & CROSBY, JJ.

*Conversion. Hawkers and Pedlers. Statute, Effect of violation. Sale, Validity.*

If a person, who is a pedler within the meaning of R. L. c. 65, § 13, in violation of the provisions of § 14 of that chapter prohibiting the sale of jewelry by pedlers, sells and delivers a diamond ring under an instrument in writing that purports to be a contract of conditional sale, by the terms of which the title to the ring is to remain in the vendor until it is paid for in full, and thereafter the person named as vendee wrongfully pledges the ring to a licensed pawnbroker who takes it in good faith, although the contract of sale is void and the pedler has no rights under it, this does not preclude him from asserting and proving his title to the ring in an action against the pawnbroker for its conversion, and, if the pawnbroker has refused to deliver the ring to him upon demand, he may recover its value in such an action.

TORT for the alleged conversion of a diamond ring. Writ in the Municipal Court of the City of Boston dated October 31, 1910.

On appeal to the Superior Court the case was submitted to *Hall*, J., upon an agreed statement of facts, including the facts which are stated in the opinion.

At the request of the defendant the judge made the following rulings:

"2.   The plaintiff is a pedler within the meaning of R. L. c. 65, § 13.

"3.   That the sale of the ring in question was made by the plaintiff as a pedler of jewelry in violation of R. L. c. 65, § 14."

The defendant also asked the judge to make the following rulings:

"1.   That upon the agreed statement of facts submitted the defendant is entitled to a finding."

"4.   The sale of jewelry by pedlers being expressly prohibited, and being subject to a statutory penalty, leaves the contract absolutely unenforceable, as far as the plaintiff is concerned, against the vendee or any one holding under him.

"5.   That the sale of the ring in question upon conditional

terms to Tedesco was null and void, and the plaintiff is without remedy to enforce any of its terms or to obtain repossession of the article.

"6. The plaintiff is without legal remedy against the defendant, because of illegality of the transaction, and the law will leave the parties where it finds them, and it is immaterial that by the terms of the agreement the plaintiff retained title to the ring delivered to Tedesco."

The judge refused to make any of these rulings. He found for the plaintiff in the sum of $150; and the defendant alleged exceptions.

R. L. c. 65, § 13, defines hawkers and pedlers and provides a penalty for sales in violation of the statute. Section 14 is as follows: "The sale by hawkers or pedlers of jewelry, wines, spirituous liquors and playing cards is prohibited."

*L. R. Eyges,* for the defendant.

*V. Brogna & C. J. Muldoon, Jr.,* for the plaintiff, submitted a brief.

CROSBY, J. This was an action of tort for the conversion of a diamond ring. The ring was sold by the plaintiff to one Tedesco under a conditional contract or lease so called, a copy of which is annexed to the bill of exceptions. By the terms of this contract or lease it appears that Tedesco, "who paid a small sum upon delivery, agreed to pay the balance upon weekly instalments, and . . . executed at the same time a written agreement . . . by the terms of which the plaintiff was to retain title to the ring until paid for. Upon failure to pay any instalment when due, or for any other breach of the lease, the plaintiff could demand, or retake the ring without legal process." From the agreed facts it further appears that "before the amount stipulated was paid to the plaintiff the vendee pawned the ring with the defendant, who is a licensed pawnbroker, . . . who took the pledge in good faith and with no knowledge that Tedesco, the pawnor, held the ring under a conditional sale agreement." From the agreed facts it also appears that the plaintiff had no store or other regular place of business, but sold jewelry, going from town to town and from place to place in the same town, carrying the jewelry for sale and exposing it for sale. He sold for cash or upon the instalment plan, and upon arranging terms

would immediately deliver the article of jewelry to the purchaser, but "was not a selling agent to dealers in the usual course of business, nor did he sell his jewelry by sample for future delivery."

From these undisputed facts it is clear that the plaintiff was a pedler within the meaning of R. L. c. 65, § 13, and that the sale was in violation of § 14 of the same chapter, and the trial judge correctly so ruled.

The defendant contends that the plaintiff, having sold the ring in violation of the provisions of the statute, is barred from recovery. It is well settled that, as a general rule, contracts made in violation of a statute cannot be enforced. For this reason, the law gives no remedy for a breach of a contract made upon Sunday, or upon a gaming or wagering contract. In certain cases it has been held that contracts made in violation of the provisions of statutes are not void on the ground that the provisions of the statutes are intended to be only directory, and not conditions precedent to the validity of contracts made with reference to them. *Bowditch* v. *New England Mutual Life Ins. Co.* 141 Mass. 292. As was said by Gray, J., in *Hall* v. *Corcoran,* 107 Mass. 251, 253, "The general principle is undoubted, that courts of justice will not assist a person who has participated in a transaction forbidden by statute to assert rights growing out of it, or to relieve himself from the consequences of his own illegal act." *Jones* v. *Andover,* 10 Allen, 18. *Welch* v. *Wesson,* 6 Gray, 505. *Stanton* v. *Metropolitan Railroad,* 14 Allen, 485. *Towne* v. *Wiley,* 23 Vt. 355. *Lewis* v. *Littlefield,* 15 Maine, 233. 37 Cyc. 561. It is also well settled, however, that after such a contract has been executed and completed, the law will not allow either party to avoid its effect or to recover back what he may have paid or parted with under the contract. *Horton* v. *Buffinton,* 105 Mass. 399. Upon grounds of public policy the law leaves the parties in such cases where they have placed themselves and without remedy against each other, but the fact that the owner of property has violated the law with reference to it is not a bar to an action by him against a wrongdoer to whose wrongful act the plaintiff's illegal conduct has not contributed. The contract between the plaintiff and Tedesco being illegal, neither party will be allowed to maintain an action to enforce any claim under it. The plaintiff in

the case at bar, however, is not seeking to enforce any rights under the illegal contract made with Tedesco, but seeks to recover the value of the ring, to which he claims title and which has been converted by the defendant. The agreement between the plaintiff and Tedesco provided that the title to the ring should remain in the plaintiff until paid for, and while this agreement was void and could not be enforced by either party to it because of its illegality, yet the title to the ring was not changed thereby. It still remained in the plaintiff, whose title was not affected by the delivery of possession of the ring to Tedesco. The plaintiff's general property in the ring did not arise from the illegal contract, nor was it determined by it. This action is based upon the conversion by the defendant of the plaintiff's property and is wholly independent of the contract between the plaintiff and Tedesco. It is true that the delivery of possession of the ring to Tedesco was under an unlawful agreement which could not be enforced, yet that fact does not affect the liability of the defendant for his wrongful act in converting to his use the plaintiff's property. This distinction is recognized in *Hall* v. *Corcoran,* 107 Mass. 251. It is clear upon principle and authority that while the plaintiff cannot enforce the illegal contract, he may maintain an action for conversion. That rule is stated by Parker, C. J., in *Dwight* v. *Brewster,* 1 Pick. 50, 55: "The principle settled is, that a party to an unlawful contract shall not receive the aid of the law to enforce that contract, or to compensate him for the breach of it. It is not easy, however, to discern how a party to such contract, who becomes possessed of the property of the other party, with which he is to do something which the law prohibits, can acquire a right to that property. The contract being void, the property is not changed, if it remains in the hands of him to whom it is committed. If he has executed the contract with it, or it has become forfeited by judicial process, or if stolen or lost without his fault, he may defend himself against any demand of the owner in ordinary cases; but if he has it in his possession, he must be liable for the value of it; so that in an action of trover, with proper evidence of a conversion, the plaintiff would undoubtedly prevail." The defendant as the pledgee of the ring acquired no greater rights in the property as against the plaintiff than Tedesco, the pledgor. In *Ladd* v. *Rogers,* 11 Allen, 209,

the action was in contract for the price of a horse which the plaintiff had sold to the defendant on Sunday and which had been kept by the purchaser. It was decided that the action could not be maintained as the contract was illegal, but, if the defendant subsequently converted the horse to his own use, the plaintiff to recover must adopt the form of action suited to such an injury. *Myers* v. *Meinrath,* 101 Mass. 366. *Hall* v. *Corcoran,* 107 Mass. 251. *Cranson* v. *Goss,* 107 Mass. 439.

In the case at bar the defendant was not a party to the illegal contract, but was an independent wrongdoer, who has refused to return the ring after demand made by the plaintiff. We are of opinion that the judge rightly refused to give the defendant's first, fourth, fifth and sixth requests. The exceptions must be overruled; and, under the agreement of parties stated in the exceptions, judgment is to be entered for the plaintiff upon the finding in the sum of $150.

*So ordered.*