THE FIRST NATIONAL BANK OF BOSTON *vs.* MARGARET L. SHERIDAN & others.

Suffolk.    February 12, 1934. — February 14, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & DONAHUE, JJ.

*Evidence*, Presumptions and burden of proof. *Practice, Civil*, Requests, rulings and instructions.

It was proper for a judge hearing an action to deny a request by the defendant for a ruling that the plaintiff could not recover, posited upon facts of which there was evidence and which were relied on by the defendant as an affirmative defence, but which the judge found were not proved.

At the hearing of an action by a judge, the granting of a request for a ruling, that there was sufficient evidence, if it were believed, to warrant a finding for the defendant, did not require a finding for the defendant as a matter of law.

CONTRACT. Writ in the Municipal Court of the City of Boston dated October 25, 1932.

In the Municipal Court, the action was heard by *Adlow*, J. Material facts found and rulings made are described in the opinion. There was a finding for the plaintiff in the sum of $3,702. The action was reported to the Appellate Division

and the report was ordered dismissed. The defendants appealed.

The case was submitted on briefs.

*W. R. Bigelow*, for the defendants.

*D. Stoneman & E. Kurland*, for the plaintiff.

RUGG, C.J. This is an action of contract upon a promissory note, signed by one of the defendants and indorsed before delivery by the other three defendants. It was subsequently indorsed by the payee. The answer set up a general denial, payment, and an agreement to accept a later note as payment. The plaintiff put in evidence the note and its protest and rested. This made out a *prima facie* case for the plaintiff. G. L. (Ter. Ed.) c. 107, § 13. *Holmes* v. *Cabot*, 262 Mass. 152, 156. Whether such *prima facie* evidence has been overcome and whether the affirmative defence has been made out so as to rebut the otherwise conclusive effect of the *prima facie* case can rarely be ruled as matter of law. It is in most instances a question of fact. *Thomes* v. *Meyer Store Inc.* 268 Mass. 587, 589. There was plenary evidence to warrant a finding for the defendants. However strong that evidence may appear to us on the record, in law the credit to be given to it was for the trial judge who saw and heard the witnesses and we cannot reverse his findings of fact.

The first request for a ruling presented by the defendants was that, if the facts set up in defence and recited in the request at some length were found to be true, the plaintiff could not recover. It cannot be said as matter of law that the trial judge was wrong in determining that these facts were not proved and in denying the request on that ground. *Learned* v. *Hamburger*, 245 Mass. 461, 468. *Wilson* v. *Grace*, 273 Mass. 146, 152.

The second request, that there was sufficient evidence, if believed, to warrant a finding for the defendants, was given. That, however, did not require a finding in favor of the defendants as matter of law.

The third request, to the effect that, if the payee of the note was really in control of the action and in a position to substitute the new note for the note in suit, then the plain-

tiff could not recover, involved a finding of the facts therein recited as basis for the ruling. The ruling of the trial judge, "Do not so find," respecting this request means that he did not find the facts therein recited to be proved. Here again it cannot be ruled as matter of law that the trial judge was bound to make this finding. *Lindenbaum* v. *New York, New Haven & Hartford Railroad*, 197 Mass. 314, 323. *Cosman* v. *Donovan*, 282 Mass. 224, 228. Whether the new note was taken in payment of the old in all the circumstances was a question of fact. *Fratta* v. *Rossetti*, 277 Mass. 98.

*Order dismissing report affirmed.*