No. 136434        Municipal        Suffolk, ss.

ZARKIN MACHINE CO., INC.        (Adams & Blinn)
v. WILLIAMS        (Berenson & Williams)

From the Municipal Court of Boston—Zottoli, J.
Argued April 14, 1941—Opinion filed Feb. 18, 1942

BARRON, J. (Putnam, C. J., and Carr, J.)—This is an action of replevin in which the plaintiff seeks to recover certain machinery and equipment. The Court found for the plaintiff and assessed damages. The action was consolidated and tried together with the action of Croke Company against Sumner B. Williams, No. 135805 on the docket of this court, in which latter case an opinion has been rendered by this Division (see opinion supra).

At the trial there was evidence tending to show that on December 8, 1939, two instruments purporting to be conditional sale contracts were executed by the plaintiff and one Altshuler, who was of full age.

Under the terms of these instruments, machinery and equipment were sold by the plaintiff to Altshuler and consecutive

monthly payments were to be made by said Altshuler beginning February 2, 1940. Legal title to the property was not to pass to Altshuler until payment was made in full in the sum of $5,408, under the terms of one instrument, hereinafter called A, and $6,241.53 under the terms of the other instrument, hereinafter called B. Nothing was ever paid or tendered to the plaintiff under instrument A, and $716.53 was paid up to June 2, 1940, on instrument B, but nothing was paid or tendered thereafter. Frequent demands were made by the plaintiff for payments under both contracts in accordance with the terms thereof. The defendant Altshuler and a partnership composed of the defendant and Altshuler had received possession of the property and had the continued use of the same from December 8, 1939, until September 11, 1940, the date on which it was replevied by the plaintiff.

On December 8, 1939, or some time thereafter, unknown to the plaintiff, Altshuler caused an endorsement to be written on the back of one of these instruments, in which he purported to transfer his interests therein to the defendant. When this was done, Altshuler or the partnership was in financial difficulties and this purported assignment was simply designed to be a part of a scheme to hinder and delay the creditors of Altshuler or his company and was simply a cover and not intended by the defendant or by Altshuler to be what it purports to be. At the time this was done, nor at any other time, did Altshuler, the defendant, or the said partnership, have title to said property.

The defendant, then, unknown to the plaintiff, was a minor and became of age on August 31, 1940. On or about August 25, 1940, the defendant, then claiming to be the sole owner of the business of the partnership company, notified the plaintiff for the first time of his minority and, in bad faith, attempted to disaffirm all the conditional parts of these alleged conditional sale agreements by wrongfully claiming title to the machinery and equipment listed therein by virtue of the fraudulent assignment referred to above.

The Court found that neither the defendant, Altshuler, nor the partnership, ever acquired title to said property, nor did the defendant have the right to possession at the time replevin was brought; that the plaintiff had title and never parted with it; that it had the right to possession of the property at the time it replevied same; that the so-called assignment was simply a "cover" and not intended by the parties thereto to be what it puports to be; that it was simply designed to be a part of a scheme or to hinder and delay creditors of Altshuler or his company.

The defendant claims to be aggrieved by the refusal of the Court to allow certain requests for rulings. Many of these requests were based upon assumed facts which the Court did not find and were, therefore, properly denied. *First National*

*Bank of Boston* v. *Sheridan,* 285 Mass. 338. For example, the defendant contends that inasmuch as he acquired good title to the property from Altshuler and also had good title because he was a partner with Altshuler of the business which acquired title from the plaintiff to the property in question, the plaintiff could not properly maintain this replevin action. From the findings of the judge, it is clear that the facts assumed by the defendant are incorrect. The Court specifically found that the so-called assignment was not intended by Altshuler or the defendant to be what it purports to be; that it was simply a "cover" a scheme to hinder and delay the creditors of Altshuler or his company. The defendant, therefore, received nothing by this assignment even if title had been in Altshuler. Moreover, even if the assignment had been found by the judge to be good through the transfer the defendant would not have received the title to the property, because Altshuler could not convey what he himself did not possess, the judge having found that title to said property had never left the plaintiff.

"An owner of personal property, by permiting possession of it under a conditional contract of sale, does not clothe the conditional vendee with apparent authority to sell the vendor's title to that property, and he may recover it from a bona fide purchaser without notice." *Bousquet* v. *Mack Motor Truck Co.,* 269 Mass. 200.

The defendant also contends that inasmuch as the purported conditional sales contract did no strictly conform to the terms of the Massachusetts Statute and were invalid, as found by the Court, that legal title to said property passed from the plaintiff to Altshuler. It is obvious that if said contracts were void none of their terms had any force or effect to transfer title from the plaintiff to Altshuler, and the defendant could not acquire what Altshuler did not possess and, therefore, could not convey.

It is absurd to contend that a contract is invalid and void and yet at the same time argue that a party to said contract acquires title in property through the terms thereof. *Dwight* v. *Brewster,* 1 Pick. 50.

The plaintiff is not seeking to enforce any rights under the alleged contracts, but seeks to recover property to which it claims title and to which the Court has found it had title. Although the plaintiff cannot enforce the invalid contract, he may maintain his action in replevin. *Pelosi* v. *Bugbee,* 217 Mass. 579.

Physical acquisition of property does not by any means require a finding of the passing of title even though it is with the assent of the owner. The plaintiff's title to the property was not derived from nor defeated by the invalid contracts. From the allowance of certain requests for rulings of the defendant it is clear that the judge properly instructed himself as to the law involved in an action of replevin. He found

as facts that the plaintiff not only had title to the property but also the right of immediate possession, that its detention by the defendant was wrongful and that the defendant or the firm of which he was a partner never had title to the property. These facts were sufficient to support the plaintiff's action of replevin.

*Report dismissed.*