Gadsby, J.
This is an action of tort or contract in which the plaintiff seeks to recover damages resulting from the negligence of the defendant in the application of the COLD WAVE form of permanent hair-do and for breach of contract in connection with the application of said COLD WAVE treatment.
The answer is a general denial, plea of contributory negligence and allegation of assumption of risk.
At the trial there was evidence tending to show that the defendant conducted a beauty shop in the City of Newton; that the plaintiff went to the place of business of the de-. fendant and requested a permanent wave; that there was *145 some discussion between the plaintiff and the defendant as to whether or not she would have the usual permanent wave and the defendant assured the plaintiff that because of the texture of her hair a COLD WAVE treatment would be better for her. The plaintiff, not being familiar with the COLD WAVE treatment protested that she was very anxious to have a good permanent wave and that she would prefer to have it done in the usual manner but that if the defendant was sure that the COLD WAVE treatment would be all right then she would submit to the same; that the defendant assured the plaintiff that the COLD WAVE treatment would be most satisfactory and finally, upon the recommendation of the defendant and upon his assurance that it would be all right she permitted the defendant to proceed with the COLD WAVE treatment. The defendant then proceeded to prepare her hair for the treatment and the defendant and one of his employees applied a liquid solution on the plaintiff’s hair and scalp. This application was applied to the hair and scalp of the plaintiff in sections by the defendant. The plaintiff testified that she did not know the type of solution that was being applied ; that from time to time during the application of this solution the plaintiff complained to the defendant that she felt a burning sensation of her head and scalp. The defendant assured the plaintiff that it would pass away and that it would be all right and the defendant continued to apply the material to the plaintiff’s head. The plaintiff complained from time to time as the treatment was progressing of the burning sensation but the defendant continued to assure the plaintiff that it would be all right. The defendant then placed a cap over the plaintiff’s head and permitted the plaintiff to sit in a booth alone for a short period of time during which time the plaintiff continued to complain of the burning sensation; that as a result of the *146 complaint of the burning sensation by the plaintiff to the defendant the defendant made a telephone call to someone who he alleged was the COLD WAVE COMPANY. As a result of a conversation over the telephone with this alleged COLD WAVE COMPANY the defendant assured the plaintiff that she would be all right but the plaintiff continued to complain about the burning sensation of her scalp and the defendant refused to remove the cap or look at the plaintiff’s scalp by permitting the cap to remain on the plaintiff’s scalp for a period of three or four minutes after making said telephone call; and then, as a result of the protest by the plaintiff that the burning was very severe, the defendant removed the cap and the defendant’s employee proceeded to wash out the solution from the plaintiff’s hair. The defendant testified that the chemical used for the treatment of the plaintiff’s hair, was a standard brand but he testified that the name of the brand was not mentioned to the plaintiff; that at the time that the defendant washed the lotion from the plaintiff’s head it had caused painful and severe burns to the scalp of the plaintiff from which she suffered for a considerable period of time and was put to great expense for medical treatment.
The following question: “Have you previously to this time had anyone burned from this lotion?” was put to the witness, John E. Russo, in direct examination by the defendant was admitted against the objection of the plaintiff and the witness answered: • “Never”. Also, the following question: “Is the lotion used in general?’’’ was put to the witness,. J ohn E. Russo, in direct examination by the defendant and was admitted against the objection of the plaintiff and the witness answered: “It is used in ninety-nine per cent of the shops of the Country.” The plaintiff requested that both said rulings be reported.
*147 At the close of the trial and before the final arguments the plaintiff made the following requests for rulings:
“1. Upon the evidence and the weight of the evidence finding should be for the plaintiff because the defendant was negligent in treating the plaintiff’s hair.
2. That on or about February 15, 1944 the defendant was in the hairdressing business and that the defendant treated the plaintiff’s hair: as a result of this treatment the plaintiff’s head became swollen and burned.
3. The defendant was bound to exercise ordinary skill and ability of persons engaged in his business. 4. The evidence warrants a finding that the defendant was negligent in the treatment of the plaintiff’s hair. 5. The plaintiff, while being treated, felt a burning sensation which the defendant said would go away and his failure to correct the same constituted negligence for which the defendant is liable. 6. It is the duty of the defendant to take proper precautions against burning the plaintiff’s scalp while in the process of treating her hair and his failure to do so constituted negligence. 7. That the failure of the defendant to exercise proper care in the treatment of the plaintiff’s hair caused the plaintiff’s injury and the plaintiff is entitled to a recovery. 8. That if the plaintiff warned the defendant that her head was hot and that she was being burned and the defendant failed to do anything to remedy the condition then the defendant was negligent and the plaintiff is entitled to recover.”
The Court denied requests 1, 4, 5, 6, 7, and 8 and allowed requests 2 and 3.
It is not necessary for this Division to pass on the Court’s action concerning all these various requests since the denial by him of request number four is of itself sufficient prejudicial error to warrant the action of the trial judge being reversed and the case remanded to the District Court for a new trial.
Request nmnber four was in substance, a request that the evidence warranted a finding that the defendant was negligent.
*148 The action of the trial judge is- analogous to that of a Superior Court judge in granting a motion for a directed verdict. But in the case at bar the trial court is both judge and jury. This dual capacity of a trial judge in our District Court procedure has been described so frequently in the opinions of this Division that there is no need of any extended discussion. Suffice to state that as judge, if the evidence warrants, he must submit the case to himself acting as jury. At that stage of the procedure, he is not passing on the credibility of witnesses. As a matter of fact, such a request could.be granted and then, , on consideration of the evidence, the court could consistently find for the other party. There is nothing inconsistent in such action because a finding one way or the other may be warranted as a matter of law but not required. First National Bank of Boston vs. Sheridan, 285 Mass. 338. Topjian vs. Boston Casing Company, Inc., 288 Mass. 167.
In brief, a ruling that the evidence warrants a finding for the plaintiff does not preclude the judge from finding for the defendant on the evidence. Strong vs. Haverhill Electric Company, 299 Mass. 455.
The plaintiff therefore, by the action of the trial judge has been deprived of his right to have the evidence considered upon the. crucial question of fact. Bresnick vs. Heath, 292 Mass. 293.
As the court said in Castano vs. Leone, 278 Mass. 429 at 431, regarding the dual function of a judge sitting without a jury, “He must lay down correctly the pertinent rules of law for his own guidance ; and having done that he must follow those rules in making the findings of material facts upon the evidence ” See Hetherington Sons vs. Firth Company, 210 Mass. 8 at 18. Povey vs. Colonial Beacon Oil Company, 294 Mass. 86. Adamaitis vs. Met. Life Insurance Company, 295 Mass. 215.
*149 There was evidence introduced by the plaintiff that despite her protest of pain the defendant continued to apply the application. Even though the defendant might not have been negligent in using the preparation, and while it may have been off color through no fault of the defendant who was using it unwittingly, yet when he became aware of the injury received by the plaintiff, then due care would have required him to cease any further application. Thus the denial of requests 6 and 8, is error because it indicates that the trial judge disregarded the duty of the defendant. It would appear that the trial judge did not have in mind the rule of law regarding the due care which the defendant owed the plaintiff. There was evidence sufficient to warrant the judge submitting the case to himself as the jury on the question of negligence. The plaintiff therefore, was deprived of her right to have the evidence considered upon the material issues of fact and this deprivation constituted prejudicial error.
It is unnecessary in this opinion to consider certain questions raised as to the admission of evidence concerning which the plaintiff requested a report. Since the case is ordered remanded for a new trial, any further discussion is unnecessary.