Gadsby, J.
This is an action of tort in which the plaintiff seeks to recover for damages to her automobile resulting from a collision with the defendant’s automobile.
The answer is a general denial, with a plea of contributory negligence on the part of the plaintiff.
At the trial there was evidence tending to show that there was a collision between the defendant’s automobile and the plaintiff’s automobile on a highway known- as Pulaski Highway in the Town of Bellingham, Massachusetts; that the collision took place at a curve in the road; that the plaintiff’s car was traveling generally northerly, that is, toward Boston, and the defendant’s car was traveling generally in a southerly direction, that is, toward Woonsocket, Rhode Island.
There was testimony offered by the plaintiff and three witnesses that the plaintiff’s ear was on the plaintiff’s *139 rigktkand side of the road and partly on the gravel at the side of the road when it was struck by the defendant’s car which was over (the white line on the road; that the plaintiff’s car was being operated by a man from Michigan, and on the front seat with this man from Michigan was sitting the plaintiff’s son, who had no license to drive or operate a car and who was then under sixteen years of age.
There was evidence offered by the defendant, and a witness who was with him in his car at the time of the accident, tending to show that the defendant’s cat was on the right-hand side of the road at the time the accident occurred and that the plaintiff’s car crossed a white line at or near the center of the road, and went on to the defendant’s side of the highway and struck the defendant’s car.
There was further evidence offered by witness for the defendant that the defendant’s car was traveling about twenty-five miles per hour, and that the plaintiff’s car was traveling at about the same rate of speed. There was further evidence offered by the defendant tending to show that the plaintiff’s car was traveling at about thirty-five miles per hour.
At the close of trial, and. before final argument, the defendant made the following request for ruling,—
1. “There is evidence which warrants a finding for the defendant. ’ ’
The Court denied this request because although there was evidence which would warrant a finding for defendant there was also evidence that would warrant a finding for plaintiff. The Court, further, made no finding of facts because he did not consider the testimony for the defendant credible.
The dual position of a trial judge has been so often decided on by this court that repetition seems almost un *140 necessary. As was said in Hetherington & Sons vs. Firth, 210 Mass. 8 at 18, “When a case is tried without a jury, a judge occupies a dual position; he is the magistrate required to lay down correctly the guiding principles of law, he is also the tribunal compelled to determine what the facts are. When these duties are nicely ’analyzed, he ought as judge, to formulate the governing rules of law and then, acting in place of the jury, he ought to follow those rules in deciding where the truth lies on conflicting evidence. ’ ’
In Castano vs. Leone, 278 Mass. 429 at 431, the court said, concerning the duties of a trial judge sitting without a jury, “He must lay do'wn pertinent rules of law for his own guidance; and having done that he must follow those rules in making the findings of material facts upon the evidence. ’ ’
As was said in Bresnick vs. Heath, 292 Mass. 293 at 298, “The plaintiff was seeking a ruling .there was evidence sufficient to justify a finding in his1 favor. He was entitled to that ruling or a statement of findings of facts showing that the requested ruling1 had become irrelevant. ’ ’
In Povey vs. Colonial Beacon Oil Co., 294 Mass. 86 at 93, the court said, “The principle has been laid down by repeated decisions that a trial judge sitting without a jury must correctly instruct himself as to the governing rules of law and must pass upon pertinent requests for rulings of law presented to him for this- purpose in such a 'way as to make it plain that he has not fallen into error.”
The court in Strong vs. Haverhill Electric Co., 299 Mass. 455 at 456, said, “If such a requested ruling has been refused and nothing more appears that a general finding for the defendant has followed, the general finding will be deemed the result of a ruling, implicit in the refusal of the ruling requested, that the evidence did not warrant a find *141 ing for the plaintiff. If the evidence did warrant such a finding-, the refusal of the requested ruling’ is error because the plaintiff has been deprived of the right to have the evidence considered upon the material issues of fact.”
At this stage of the proceeding when the court is considering the request, the question of credibility is not before the court. The trial judge has not yet reached that stage. The only question was whether there was sufficient evidence to warrant him in submitting the case to himself as the jury acting in his dual capacity. In short, a judge could properly grant such a request that there was evidence sufficient to warrant a finding for the defendant and consistently enter a finding for the plaintiff. First National Bank vs. Sheridan, 285 Mass. 338 at 339. Topjian vs. Boston Casing Co., 285 Mass. 167 at 168. He is then making his decision on .the credibility of the witnesses and has considered the crucial questions of fact. But when a judge denies such rulings without any memorandum of finding of the facts-, then a party has no way of knowing along what lines the judge proceeded. The defendant as a matter of law was entitled to have the ruling requested or a statement of findings of fact showing that the requested ruling has become irrelevant or inconsistent with the facts found.
As was said in Hillyer vs. Dickerson, 154 Mass. 502 at 504, “The question whether there is evidence- which should properly be submitted to the jury is- sometimes a very nice one, since the court is not at that stage of the proceed; ings to pass upon the weight of the evidence, but only to determine whether there is any evidence sufficient to go to the jury.”
The trial judge made no specific findings of fact, but made the statement that he denied the request because although there was evidence which would warrant a finding for the *142 defendant, yet there was also evidence that would warrant a finding for the plaintiff. In other words, the court apparently had the erroneous idea that if he granted a request that there was evidence which would warrant a finding for the defendant that he had to find for the defendant. Needless to say, the fact that the evidence warranted a finding for one party does not mean that the request cannot he granted and-a finding entered for the adverse party. There is nothing inconsistent in granting such a request and finding the other way. By granting the request the trial court is merely submitting the case to himself as jury and then his task becomes to pass on the questions of fact and credibility of witnesses.
The defendant in this case as a matter of right was entitled to have that request or a statement of a finding of fact showing that the requested ruling had become irrelevant and inconsistent with the facts found.
Therefore, the finding for the plaintiff is vacated and the case remanded for a new trial.