Cavan, J.
These cases were tried together. In the first, Isabelle M. Laskey sought to recover for personal injuries and her husband for consequential damages. In the second, William H. Montgomery claimed personal injuries and property damage. The trial judge found for the defendant in the case of Arthur W. Laskey and entered findings for the other plaintiffs against the defendant, Railway Express Agency, Inc.
A report was claimed in each case by the defendant. In each case, similar requests had been filed.
The plaintiffs, William H. Montgomery and Isabelle M. Laskey, are father and daughter. They were seated in the father’s automobile, which was parked at the curbing on Washington street, Malden, Massachusetts, about noon, February 19, 1949, when a moving motor truck, *40 owned by the defendant, Railway Express Agency, Inc., and registered in its name, collided with said automobile. The plaintiffs were thereby injured and the automobile was damaged.
The other defendant, Arthur G-. Galvin, who was defaulted, was the driver of said truck. He had fallen out of it, and it continued to go until it struck said automobile. Thereafter, he was found guilty on each of the following-complaints, (a) that he was, at said time, intoxicated by the voluntary use of intoxicating liquor, and (b) that he did, at said time operate said truck while under the influence of intoxicating liquor.
Galvin was known as a furloughed man, who could report from time to time at the Melrose office of the Railway Express Agency, Inc. for such temporary work as he might be directed to do. On February 17, 1949, he was directed to take the place of a regular truck driver, who was ill. He worked on this assignment February 17th and 18th and, at the close of business on February 18th, he was told to report for duty the following- day at nine o’clock A. M."
The foregoing is a summary of what appears to be undisputed facts in the reported evidence.
There was other evidence that the truck was a spare one for use in case of emergency; that the driver, whose place Galvin had been taking, returned to work on February 19th; that when Galvin reported late, by telephone, on that day, he was told that there was no work for him and that later, when he telephoned to the Melrose office, from the defendant’s Malden garag-e, he was told to get out of there and quick.
Galvin testified that he reported for work at eleven o ’clock A. M. February 19th; -that lie talked, by telephone, with the -agent of Railway Express Agency, Inc. at the *41 Melrose office; that he did not hear any instructions not to report for duty; that he went to the defendant’s garage in Malden from which he again telephoned the Melrose office and was told by the cashier to get out; that he then took a truck, which was in the garage, drove it a short dis tance, became sick and fell out of the truck which continued to go until it struck and collided with said automobile, and that the collision occurred about a block from the defendant’s garage, on a street which was on the direct route to the defendant’s Melrose office.
The defendant, Railway Express Agency, Inc., claims to be aggrieved by the denial of its requests numbered 2, 5, 6, 10 and 11, filed in each case, and which are as follows:
“(2) There is no evidence that the automobile which caused damages to the plaintiffs was operated by or was under the control of a person for whose conduct the defendant was legally responsible, other than the prima facie evidence that the defendant’s motor vehicle was registered in the name of the defendant as owner. (5) The fact that Galvin had been called on February 17th and 18th to take the place of driver Keating who was sick, did not authorize Galvin to do any work for the defendant on February 19th after Keating had returned and was doing his regular work. (6) The fact that Galvin had been told by Agent Mc-Ginley to report for work on February 19th did not authorize Galvin to do any work unless he was toJd what work he was to do. (10) If the Court believes the testimony of Mr. McGinley, the defendant’s Mel-rose agent that Galvin had worked on February 17th and 18th taking the place of driver Keating who was ill with influenza, that he told Galvin to report for work at 9:00 A. M. on February 1.9th, that Galvin did not report at that time, that Keating had returned to work on the morning of February 19th; that at 11:00 A. M. Galvin telephoned from Malden td Mr. McGinley, the Melrose agent and .said that he had not reported because he had overslept; that he, agent McGinley, told Galvin that Keating had returned to work and *42 that there was no work for him (Galvin) that day; and/or if the Court believes the testimony of Mr. Delaney, the cashier at the Melrose office, that allí :30 A. M. on February 19th Galvin telephoned him, asking for Agent McGinley, who was out, told Mr. Delaney that he was in the defendant’s garage, that driver Keating’s truck was gone, and asked what he should do, and was told by Mr. Delaney that he had better get out; and/or if the Court believes the testimony of Agent Thomas of the defendant’s Malden office that the truck which was involved in the collision was a spare truck kept in the Malden garage for use only in eases of emergency or for use when one of the regular trucks was laid up for repairs; and/or if the Court believes that Galvin, who was under the influence of liquor, nevertheless, took out the spare truck from the Malden garage, and that that truck was involved in the collision; the Court must find that the defendant, Railway Express Agency, Inc. has sustained the burden of proving that the truck which was involved in the collision was operated by Galvin without authority and not in the course of any employment by the defendant, and the Court must find in favor of the defendant, Railway Express Agency, Inc., in both cases. (11) On all the evidence none of the plaintiffs are entitled to recover for the reasons set forth in the foregoing requests.”
In the case of Arrigo v. Lindquist, 1949 Mass. Advance Sheets, pages 565, 566, our Supreme Court has set forth the weight that may be given to the prima facie evidence under G. L. (Ter. Ed.) c. 231, § 85A.
“On the evidence, if that were to be considered apart from the statute, the defendant’s wife was not his servant, and he was not responsible for her conduct, much less for that of a person to whom she entrusted the automobile, and still less for-that of a person to whom she did not entrust it. (Cases- cited). The statute does not change the substantive law: ' (Cases cited). But it does dispense • with proof that the person operating the automobile was the *43 servant of the registered owner, acting within the scope of his employment, and makes it possible for the jury to find that he was such servant without other evidence to that effect, and to disbelieve any evidence that- he was not. As was said in Legarry v. Finn Motor Sales, Inc., 304 Mass. 446, 447, ‘under this statute the mere fact of registration in the name of the defendant as owner commonly carries the case to the jury so far as agency of the driver in behalf of the defendant is concerned.’ See also Pochi v. Brett, 319 Mass. 197, 204. Under the statute, the jury could find the defendant responsible.”
In both of the cases under consideration, the judge found as a fact, ‘-‘The said motor vehicle was being driven just prior to the accident by Arthur G-. Galvin, an agent of the Railway Express Agency, Inc. who was on business of the Railway Express Agency, Inc. The said Galvin operated the said motor vehicle in a negligent manner in that he was under the influence of intoxicating liquors.” In denying the defendant’s requests, the judge added “see finding of fact.”
Defendant’s requests numbered 2, 5 and 6 are for findings of fact and a trial judge, in an action of law, is not required to make such findings. Crownshield Shipbuilding Co. v. Jackman, 283 Mass. 21, 22 and cases cited.
The tenth request of' the defendant is, in substance, that if the facts set up in defense and recited in the request at some length, were found to be true, the defendant has sustaind the burden of proving that the truck which was involved in the collision was operated by Galvin without authority and not in the course of any employment by the defendant and the Court, must find in favor of the defendant, Railway Express Agency, Inc., in both cases. It cannot be said as a matter of law that the trial judge was wrong in determining that these facts were not proved *44 and in denying the request on that ground, as the judge, in effect, did by adding to the .denial, see finding of fact. First National Bank of Boston v. Sheridan, 285 Mass. 338, 339 and cases cited. ‘ ‘Whether the affirmative defense has been made out so as to rebut the otherwise conclusive effect of the prima facie case can rarely be ruled as a matter of law. It is in most instances a question of fact. Thomes v. Meyer Store Inc., 268 Mass. 587, 589. There was plenary evidence to warrant a finding for the defendants. However strong that evidence may appear to us on the record, in law the credit to be given it was for the trial judge who saw and heard the witnesses and we cannot reverse his findings of fact.” First National Bank of Boston v. Sheridan, supra.
In view of what has been said concerning the denial of the foregoing requests, there was no error in the judge’s refusal to grant the defendant’s eleventh request, as to them. The requests which were granted may as a whole be summarized as follows: that the evidence warrants a finding that the defendant has .sustained the burden that Galvin was not acting within the scope of any employment by the defendant. It is not. illogical to make, at the request of the defendant, such rulings and then to find generally in favor of the plaintiffs upon consideration of the evidence. Strong v. Haverhill Electric Company, 299 Mass. 455, 456.
There was no prejudicial error, in either case, in the denial of the defendant’s requests for rulings and, in each case, the report is to be dismissed.