Cavan, J.
In this action of contract, the plaintiff’s declaration contains two counts, one on an account annexed for money had and received, and the other for breach of *121 contract in failing to deliver a truck, upon which the plaintiff had made a payment of $500.00. The defendant’s answer is a general denial, plea of payment and a special plea that the transaction, from which the plaintiff’s claim arises, was illegal and in violation of law.
On November 12, 1948, the defendant, as vendor, signed and delivered to the plaintiff, as vendee, a bill of sale for a Gr. M. C. truck. It set forth that the purchase price was $1327.00; that a down payment of $827.00 had been made, and that the balance, $500.00, was to be raised by a mortgage loan. There was no such truck, and no down payment had been made.
The plaintiff, in the presence of the defendant, presented the bill of sale to a finance company, and requested a mortgage loan on the truck therein described. Upon signing a note, a mortgage of said truck and a financial statement, the plaintiff received $500.00 in cash from said company. The money, so received, was, immediately, given by the plaintiff to the defendant, with the understanding that the monthly payments, as called for by said note and mortgage, would be paid by the defendant, as they became due.
Only two of said monthly payments were made by the defendant, and this action was commenced because of his failure to pay the others.
The foregoing is a summary of undisputed facts. The report does not state the amount due monthly on said mortgage note.
There was testimony from the plaintiff that the defendant complained of being hard pressed, and asked the plaintiff to buy a Studebaker truck from him; that he had seen the truck some weeks before; that he agreed to buy the truck; that he knew the bill of sale called for a Gr. M. C. truck; that he never paid the defendant a penny, other than the $500.00 received from the finance company; that he made no arrangement for insurance on the truck; that he *122 gave the finance book to the defendant and told him to make the payments; that, upon leaving the finance company, he asked the defendant where the truck was, and that the defendant replied, “it may be in South America.”
The reported testimony of the defendant was substantially as follows: that he told the plaintiff that he was in a jam and had to raise $500.00; that he asked the plaintiff to help him put through a dummy contract in his name; that he would give him a bill of sale of a Gf. M. C. truck and he could raise $500.00 on it from a finance company; that the money could be handed over to him and he would keep the payments up; that he told the plaintiff there was no truck; that the plaintiff agreed to do as requested, saying, “I am always willing to help out a friend,” and that, when the plaintiff turned over the $500.00 to him, he gave him $5.00 for his trouble.
The judge found for the plaintiff, without making any specific findings, and refused some of the defendant’s requests for rulings, without indicating the grounds of refusal.
The defendant claims to be aggrieved by the denial of his requests for rulings numbered 3, 4 and 5, by the granting of the plaintiff’s requests for rulings numbered 7 and 9, and by the inconsistency shown by the finding and the denial of the plaintiff’s request numbered 4.
Defendant’s requests denied: “(3) If the Court should find that the plaintiff and defendant entered into an agreement which was illegal and against public policy, then the Court should find upon all the evidence, that it was all one transaction, and having been executed, the law will leave the parties where they have placed themselves. (4) Courts cannot lend aid to relieve parties from unfortunate results of their illegal adventures, and if the Court should "find that the plaintiff and defendant had entered into an illegal agreement, or one contrary to law, the plaintiff is not en *123 titled to recover in this action, even though he may now find himself in an unfortunate position as a result of his action. (5) Upon all the law and the evidence, the plaintiff in this action is not entitled to recover for the reasons that: (a) The plaintiff has not sustained the burden of proof by a fair preponderance of the evidence, of the counts set forth in the plaintiff’s declaration, (b) The defendant has sustained the burden of proof of illegality by a fair preponderance of the evidence.”
Plaintiff’s requests granted; “(7) There is no policy of the law against the plaintiff’s recovery unless his contract was illegal, and a contract is not necessarily illegal because it is carried out in an illegal way. (9) The defendant has not introduced any evidence to show that an illegal contract was entered into between himself and the plaintiff.”
Plaintiff’s request denied: “ (4) The plaintiff may recover the amount referred to in the previous request in an action of contract on a count for a breach of the said contract. ’ ’
G. L. (Ter. Ed.) c. 266, § 34, is as follows :
‘ ‘Whoever, with intent to defraud and by a false pretence, induces another to part with property of any kind or with any of the benefits described in the preceding section shall be guilty of larceny. ’ ’ There is evidence that the plaintiff, with the aid of the defendant, falsely represented to a finance company that he was the owner of a truck in order to obtain from the company a mortgage loan of $500.00, for the benefit of the defendant; that he did thereby obtain the loan; that he gave the money so obtained to the defendant with instructions to pay the monthly installments on the loan as they became due; that he received $5.00 for doing this, and that he brought this action to recover the amount which the defendant failed to pay on said mortgage loan. On this evidence, findings could be made that this *124 was all one transaction; that it was an executed and completed contract between the plaintiff and the defendant and that it was an illegal contract.
Such findings Avould necessitate a general finding for the defendant, because “courts of justice will not assist a person who has participated in a transaction forbidden by-statute to assert rights growing out of it, or to relieve himself from the consequence of his own illegal act.” Hall v. Corcoran, 107 Mass. 251, 253, and, “after such a contract has been executed and completed, the law will' not allow either party to avoid its effects or to recover back what he may have paid or parted with under the contract.” Pelosi v. Bugbee, 217 Mass. 579, 581.
The defendant’s requests numbered 3 and 4 state facts hypothetically, and require a ruling upon the legal results of those facts. If the judge found that the fact upon which each was made to depend did not exist, or if it was not found to exist, he should have so stated, for he made no specific finding of fact which might have relieved him from this duty. Liberatore v. Framingham, 315 Mass. 538, 543, 544. The bare denial of these requests was prejudicial error.
The denial of the defendant’s fifth request was not error. The general finding for the plaintiff imports finding of all facts necessary to support it. Jones v. Clark, 272 Mass. 146; Dillon v. Framingham, 288 Mass. 511, 513.
There Avas evidence reported that an illegal contract was entered into by the plaintiff and the defendant, and the granting of the plaintiff’s requests numbered 7 and 9 was harmful to the defendant.
There is no inconsistency in the finding and the denial of the plaintiff’s fourth request. The declaration was in two counts, and the report indicates that the finding’ was on count 1, which was an account annexed for money had and received.
*125 Because there was prejudicial error in the denial of the defendant’s requests, numbered 3 and 4, and in the granting of the plaintiff’s requests numbered 7 and 9, the finding for the plaintiff is to be vacated, and a new trial ordered.